UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ALASTAIR COUCH, | ) |
| | ) |
| Plaintiff, | )   Civil No. 3:24-cv-00006-GFVT-EBA |
| | ) |
| v. | )   **ORDER** |
| | ) |
| DANIEL AKERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*** *** *** ***

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 20.] Following a jury trial, Defendant Couch was found guilty of murder, tampering with physical evidence, and being a second-degree persistent felony offender. [R. 1; R. 20.] He is currently serving a sixty-year sentence in Lee Adjustment Center in Beattyville, Kentucky. [R. 1.] Mr. Couch moves the Court to vacate his conviction or correct his sentence under 28 U.S.C. § 2254. *Id.* He contends that he is entitled to relief because his counsel was ineffective. *Id.* Consistent with local practice, Judge Atkins reviewed the Petition and prepared a Recommended Disposition. [R. 20.] After considering the record, Judge Atkins determined that Mr. Couch is not entitled to relief under 28 U.S.C. § 2254 because his petition is untimely. *Id.* The Court agrees with Judge Atkins.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service of the Report and Recommendation to file any objections or else he waives his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific

objection must "explain and cite specific portions of the report which [petitioner] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). On July 5, 2024, Mr. Couch timely filed a litany of objections to the Report and Recommendation. [R. 22.] He makes a variety of specific objections, several of which are duplicative and overlapping. *Id.*

The Court has an obligation to conduct a *de novo* review of the portions of Judge Atkins's findings to which Mr. Couch objected. *See* 28 U.S.C. § 636(b)(1)(C). The Court has satisfied that duty by reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, and applicable procedural rules. For the following reasons, Mr. Couch's objections will be **OVERRULED**, and Judge Atkins's Recommendation will be **ADOPTED**.

**I**

Mr. Couch is currently confined in Lee Adjustment Center in Beattyville, Kentucky. [R. 1.] He is serving a 60-year sentence for murder, tampering with physical evidence, and being a second-degree persistent felony offender. *Id.*; [R. 14-5.] After he was convicted in Franklin Circuit Court, he appealed his conviction to the Kentucky Supreme Court. [R. 1; R. 14-5; R. 3.] The Supreme Court affirmed his conviction on February 21, 2013. [R. 14-5.] Because Mr. Couch failed to file a petition for writ of certiorari to the United States Supreme Court within 90 days, his conviction became final on May 22, 2013. *See* Sup. Ct. R. 13; 28 U.S.C. § 2244(d)(1)(A).

Following the unsuccessful appeal, Couch and appellate counsel Shouse filed a motion for a new trial based on ineffective assistance of counsel under Kentucky Rule of Criminal Procedure 11.42. [R. 3-1 at 7.] Couch filed his 11.42 motion on March 11, 2016, and the trial court denied his motion on August 13, 2020. *Id.* Couch appealed the trial court's order to the Kentucky Court of Appeals. *Id.* at 4. But Mr. Shouse moved to withdraw as counsel before the appellate briefing period closed. *Id.* at 45–47. The Court of Appeals granted the motion, which was premised on Shouse's awareness that Mr. Couch might have an ineffective assistance claim against Shouse. [R. 14-7.] As Shouse pointed out in his motion, he obviously could not prosecute an ineffective assistance claim against himself. [R. 3-1 at 46.] More specifically, Shouse's motion advised:

> In preparing this appeal of that denial, undersigned counsel discovered the very real possibility that an unwaivable conflict of interest may exist between the Appellant and undersigned counsel. Specifically, the Appellant may have a claim of ineffective assistance of Appellate counsel with regard to the direct appeal of his conviction. Clearly, any potential claim of ineffective assistance regarding undersigned counsel creates a conflict of interest that would prohibit undersigned counsel continuing to represent the Appellant. How could undersigned counsel pursue a possible claim against himself?

*Id.* In March 2021, the Court of Appeals appointed the Department of Public Advocacy (DPA) to represent Couch in lieu of his previous counsel. [R. 14-9.] The Court of Appeals also held the matter in abeyance to give the DPA time to investigate the potential ineffective assistance matter relating to Shouse. *Id.* The DPA did so, and indicated on June 14, 2021, that it did not intend to pursue the conflict issue in Franklin Circuit Court. [R. 3-1 at 49–51.] As the DPA explained, "DPA's review of the conflict issue did not reveal a claim that a reasonable person with adequate means would be willing to bring at their own expense. KRS 31.310(2)(c)." *Id.* at 50. On July 22, 2022, the Court of Appeals affirmed the trial court's denial of Mr. Couch's

3

11.42 Motion. [R. 3-1 at 4–12.] The Kentucky Supreme Court declined review on February 8, 2023. [R. 14-17.] On January 22, 2024, Mr. Couch filed his federal § 2254 petition. [R. 1.]

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), prisoners enjoy one year from the date that their conviction becomes final to petition a federal district court for habeas corpus relief. 28 U.S.C. § 2244(d). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). Because Mr. Couch filed his petition approximately ten years after the Kentucky Supreme Court affirmed his conviction, he concedes that his petition is untimely. Still, Mr. Couch insists that equitable tolling should apply because of his appellate counsel's misconduct. Judge Atkins disagreed, and Couch timely objected.

### A

As a threshold matter, the Court recognizes that Couch is proceeding *pro se* and construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Couch correctly notes that equitable tolling may apply to untimely petitions in limited circumstances. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Equitable tolling permits federal courts to review a time-barred habeas petition when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). Importantly, "the doctrine of equitable tolling is used sparingly by federal courts." *Id.* at 784 (citing *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631 (2010).

An attorney's "garden variety" excusable neglect is not an extraordinary circumstance. *Robertson*, 624 F.3d at 784; *see Taylor v. Palmer*, 623 F. App'x 783, 789 (6th Cir. 2015) (collecting cases) (attorney's miscalculation of deadline and incorrect advice was not an extraordinary circumstance). However, "[a]n attorney's failure to comply with professional standards of conduct may constitute an extraordinary circumstance warranting relief." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (internal citations omitted); *Holland*, 560 U.S. at 652 (attorney's conduct may have been extraordinary when counsel failed to communicate with his client for years, neglected to tell his client that the state supreme court had decided his case, and failed to file federal habeas petition on time despite his client's myriad reminders); *Robertson*, 624 F.3d at 785–86 (attorney's cocaine use and possible misadvice may have been extraordinary).

### 1

Couch first asserts that Attorney Shouse labored under a conflict of interest, which gave rise to an extraordinary circumstance. [R. 22 at 2–4.] Hence, he objects to Judge Atkins's finding that "[i]n fact, there is a question over whether a conflict of interest developed in this matter, especially considering the fact the DPA chose not to file any further pleadings alleging an IAC claim against Shouse." [R. 20 at 9.]

Couch asserts that a conflict existed because Shouse inappropriately failed to argue on direct appeal that it was an error for Couch's persistent felony offender status to be proven by affidavit, rather than by way of certified court records. [R. 22 at 2–3.] He states that appellate counsel's failure to do so constituted ineffective assistance, which in turn should have prompted

appellate counsel to withdraw, since he could not raise an ineffective assistance claim against himself. *Id.* His failure to withdraw, Couch contends, resulted in a conflict of interest. *Id.* Due to this conflict, Couch speculates, appellate counsel waited to file Couch's state postconviction petition until the last second. According to Couch, he waited for the purposes of preventing Couch from filing an ineffective assistance of counsel claim. To be clear, Couch doesn't allege that Shouse missed the deadline to file a state postconviction petition. He states merely that he filed the petition three days before the deadline to do so lapsed. [R. 3 at 7.]

The Court will overrule Couch's objection because it is highly speculative. After the Kentucky Court of Appeals granted Shouse's motion to withdraw, the DPA took over Mr. Couch's case. The Court of Appeals held the action in abeyance to give the DPA time to investigate the potential conflict. Upon further investigation, the DPA concluded that its "review of the conflict issue did not reveal a claim that a reasonable person with adequate means would be willing to bring at their own expense." KRS 31.310(2)(c). Accordingly, the DPA declined to file a pleading in Franklin Circuit Court based on the conflict claim. Mr. Couch does not present any evidence that counsel manipulated deadlines in order to avoid an ineffective assistance claim. Given the DPA's determination and the lack of supporting evidence from Couch, Judge Atkins appropriately noted that a conflict may not have existed. Because Mr. Couch has failed to meet his burden of establishing an extraordinary circumstance, the Court will overrule his objection. *See Robertson*, 624 F.3d at 784 ("The party seeking equitable tolling bears the burden of proving he is entitled to it.").

**2**

For similar reasons, the Court will overrule Couch's related request for an evidentiary hearing. Mr. Couch requests a hearing so that he can have "an opportunity to prove his

assertions." [R. 22 at 7–8.] He fails to explain how an evidentiary hearing would help him show entitlement to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

**3**

Next, Couch objects to Judge Atkins's conclusion that there is a dearth of evidence suggesting that Shouse's delay was intended to prevent an ineffective assistance claim from being filed against him. He further speculates that the DPA failed to pursue the conflict claim because it was time barred due to Shouse's delay in filing his state postconviction petition. But he again provides no evidence for this and does not explain what problem existed with the DPA's determination. The Court will overrule the objection, as Couch fails to provide any evidence to the contrary. *See Robertson*, 624 F.3d at 784 ("The party seeking equitable tolling bears the burden of proving he is entitled to it.").

**B**

But even if the Court were to accept Couch's assertions about a conflict, he still fails to adequately explain why he waited three years to file his habeas petition. *See Holland*, 560 U.S. at 649 ("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently . . . .'"). As Judge Atkins aptly explained:

> Even accepting Couch's statements that he was diligently communicating with Mr. Shouse and following his advice in not filing for habeas relief, Couch became aware of Shouse's potential conflict of interest in December of 2020 and waited approximately three years to file his federal habeas petition. All these facts indicate that Couch did not diligently pursue his rights.

7

[R. 20 at 8.] Couch objects to this characterization, stating that "during the three-year period referred to by Judge Atkins, Mr. Couch was exhausting his state remedies in the court of appeals and requesting discretionary review by the Kentucky Supreme Court." [R. 22 at 12.] He further states that "[h]ad Mr. Couch filed for habeas relief when Mr. Shouse moved to withdraw as counsel, not only would he have had to ask for the equitable tolling now being requested, but he also would have had to show cause to excuse the procedural default for failure to exhaust state remedies." *Id.* Finally, he alleges (without evidence) that Shouse purposefully deceived him about the filing deadline for his federal habeas petition, which caused him to miss the deadline. *Id.*

First, even if Shouse was mistaken about the deadline, an attorney's incorrect advice concerning a habeas deadline generally does not create grounds for equitable tolling. *See Taylor v. Palmer*, 623 F. App'x 783, 788 (6th Cir. 2015) ("Taylor has given no reason at all for the delay in filing his habeas petition except to say that he relied on his attorney's incorrect advice concerning the deadline. Even if the delay were caused by the mistaken belief that his habeas petition was due by October 24, 2014, such a mistake would not be a basis for tolling the statute of limitations."); *see also United States v. Thomas*, No. 08-10-GFVT, 2012 WL 1571202, at *5 (E.D. Ky. Jan. 25, 2012), *R&R adopted*, No. 08-10-GFVT, 2012 WL 1571199 (E.D. Ky. May 3, 2012) ("[T]he [Sixth Circuit] held that the text of 28 U.S.C. § 2244(d)(6) itself provided a petitioner with notice that the limitations period begins to run at the conclusion of direct review." (citing *Allen v. Bell*, 250 F. App'x 713, 715 (6th Cir. 2007))). And Mr. Couch's theory that he was intentionally deceived is highly speculative and unsupported.

Second, Couch's objections about tolling and exhaustion still don't explain why—if he became aware of the purported conflict in December 2020—he waited three years to act. For

8

instance, Couch does not present any evidence that he communicated with DPA counsel about a 2254 petition after he discovered the conflict issue. Instead, he merely asks the Court to infer that he would have spoken to Shouse about the delays in filing his state postconviction petition. *See Patterson v. Lafler*, 455 F. App'x 606, 610–11 (6th Cir. 2012) ("[Couch's] arguments that he was unaware of the deadline because he was relying on a lawyer are unavailing. Unlike Holland, [Couch] did not make diligent and consistent efforts to contact his attorney about deadlines only to be consistently ignored by the attorney. [Couch] presented no evidence that [Shouse] deliberately ignored requests at communication or misadvised him."); *cf. Taylor*, 623 F. App'x at 788 ("The petitioner in *Holland* showed reasonable diligence by writing numerous letters to his counsel seeking information and emphasizing the importance of filing his habeas petition within the deadline; he continually contacted counsel identifying the applicable rules governing the proper filing date; he repeatedly contacted the court and the bar association in an attempt to remove his attorney from his case; and when his counsel failed to communicate with him despite such attempts the petitioner filed his own habeas petition *pro se* on the same day he found out the limitations period had expired." (citing *Holland*, 560 U.S. at 652–53)).

  Couch presents no evidence that Shouse labored under a conflict of interest and intentionally filed his postconviction motion late to insulate himself from an ineffective assistance claim. But even if the court assumes that Shouse labored under a conflict of interest, equitable tolling still does not apply because Mr. Couch has not presented evidence that he diligently pursued his rights. Accordingly, the Court will overrule his objections.

  Finally, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Couch's § 2254 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir.

9

2017) ("If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" (quoting *Slack*, 529 U.S. at 484)).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Atkins's Report and Recommendation **[R. 20]** as to Defendant Alastair Couch is **ADOPTED** by and for the Opinion of the Court;

2. Mr. Couch's Petition for habeas corpus relief pursuant to § 2254 **[R. 1]** is **DENIED WITH PREJUDICE**;

3. Defendant Akers's Motion to Dismiss **[R. 15]** is **GRANTED;**

4. This action is **DISMISSED** and **STRICKEN** from the Court's active docket;

5. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

6. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 25th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge